**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Donald S. TERRELL, Defendant– Appellant.**

**No. 02–6072.**

United States Court of Appeals, Sixth Circuit.

Jan. 27, 2004.

Stuart J. Canale, Asst. U.S. Attorney, David Charles Henry, Memphis, TN, for Plaintiff–Appellee.

Stephen B. Shankman, Fed. Public Defender, Doris A. Randle–Holt, Asst. F.P. Defender, Memphis, TN, for Defendant–Appellant.

Donald S. Terrell, Memphis, TN, pro se.

Before NELSON, CLAY, and COOK, Circuit Judges.

NELSON and CLAY, Circuit Judges, concur.

COOK, Circuit Judge.

Appellant, Donald S. Terrell, pleaded guilty to possession of cocaine with intent to distribute, felon in possession of a firearm, and failure to appear. Terrell appeals from the district court's denial of his motion to suppress evidence. We affirm.

## I. BACKGROUND

In response to a high number of daytime burglaries, two patrolling plainclothes police officers observed individuals, including Terrell, carry items from a house to two vehicles—one backed into the driveway and one parked on the street. As they passed the house with the activity, the officers noticed Terrell trying to hide a black bag he carried from the house. The officers parked where they could continue to observe undetected the participants carrying items from the house to the cars and called for uniformed officers to investigate.

As the summoned officers arrived, Terrell entered his car parked on the street, then got out and shut the door as the officers approached. While Terrell spoke with Officer Beckham beside his car, Officer Kirby noticed a gun partially under the driver's seat of Terrell's car and directed Officer Beckham's attention to the gun. Beckham secured Terrell in his cruiser and then returned to retrieve the gun while another officer opened the driver's door and found in the door compartment a plastic bag containing cocaine.

With Terrell under arrest, the officers searched the rest of the car and found cocaine inside the black bag seen by the plainclothes officers. Terrell later made incriminating statements to the police while in custody.

Terrell moved to suppress the evidence and his statements. A magistrate recommended that the motion be granted and the United States objected. The district court adopted the magistrate's findings of fact without objection but denied the motion to suppress. Terrell entered a conditional guilty plea, reserving the right to appeal the district court's suppression decision.

## II. ANALYSIS

### A. Standard of review

This court reviews de novo determinations of reasonable suspicion and probable cause. *Ornelas v. United States*, 517 U.S. 690, 699, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996). We set aside findings of fact only for clear error. *Id.*

### B. *Terry* search

Terrell concedes the officers' justification to stop and question him under *Terry v. Ohio*, 392 U.S. 1, 26, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), but disputes their justification for a protective search of his vehicle.

In *Michigan v. Long*, 463 U.S. 1032, 1049, 103 S.Ct. 3469, 77 L.Ed.2d 1201, the Supreme Court extended *Terry* to the

search of the passenger compartment of an automobile. Police officers may search areas in a vehicle where a weapon may be placed or hidden if the officers possess a reasonable belief, based on specific and articulable facts, that the suspect is dangerous and the suspect may gain immediate control of weapons. *Id.* If a reasonably prudent person would believe that his safety, or that of others, was in danger, then the officer may conduct a search of the passenger compartment. *Id.* at 1050, 103 S.Ct. 3469. If, while conducting a lawful search of the interior of the vehicle, the officer should discover contraband other than weapons, the officer "clearly cannot be required to ignore the contraband, and the Fourth Amendment does not require its suppression in such circumstances." *Id.* (citations omitted).

The police properly searched Terrell's vehicle. Within 30–45 seconds of beginning a burglary investigation, Officer Kirby observed a gun readily available to the suspect in the car from which he had just exited. While conducting this lawful search of the passenger compartment of Terrell's car, the police were not required to ignore the cocaine, and the Fourth Amendment does not require its suppression. *Long,* 463 U.S. at 1050, 103 S.Ct. 3469.

█ Terrell argues that he did not pose a risk to the safety of the officers because he sat in the back seat of the police car when Officer Beckham removed the gun from his car. The *Long* Court rejected a similar argument, noting that during any investigative detention:

> a *Terry* suspect in Long's position [might] break away from police control and retrieve a weapon from his automobile. . . . In addition, if the suspect is not placed under arrest, he will be permitted to reenter his automobile, and he will then have access to any weapons

inside. Or, as here, the suspect may be permitted to reenter the vehicle before the *Terry* investigation is over, and again, may have access to weapons.

*Id.* at 1051–52 (citations omitted). Following *Long,* the officers' search of the car did not violate Terrell's constitutional rights.

Terrell also argues that the police could not determine whether he possessed the gun lawfully under Tennessee law. But as part of its *Long* decision, the Supreme Court likewise rejected the claim that the validity of the search rests on whether the weapon is lawfully possessed. *Long,* 463 U.S. at 1052 n. 16, 103 S.Ct. 3469 (citing *Adams v. Williams,* 407 U.S. 143, 146, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972)).

### C. Plain view exception

Having found that the search was valid under *Terry* and *Long,* we need not address Terrell's objections to the applicability of the plain view exception.

### D. Fruit of the poisonous tree

Because the search and seizure were proper under *Terry* and *Long,* Terrell's argument that the district court should have suppressed the evidence is without merit.

### III. CONCLUSION

We affirm the decision of the district court.

DAVID A. NELSON, Circuit Judge, concurring.

I agree that *Michigan v. Long,* 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983), compels the conclusion that the denial of Mr. Terrell's motion to suppress evidence was not erroneous. Although the factual situation presented in *Long* is not quite on all fours with the factual situation

presented here, the differences, in my judgment, should not affect the outcome.

Unlike Mr. Terrell, the suspect in the *Long* case had not been secured in a police cruiser before the police conducted the search of the suspect's vehicle and seized incriminating evidence from the passenger compartment. Mr. Long was standing by the rear of his own car, albeit with a deputy sheriff by his side, while a second deputy conducted the search. It would probably have been easier for Mr. Long to break away from police control and retrieve a weapon from his automobile than it would have been for Mr. Terrell to do so.

As the *Long* Court pointed out, however, quoting *Camara v. Municipal Court,* 387 U.S. 523, 536–37, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967), as quoted in *Terry v. Ohio,* 392 U.S. 1, 21, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), "there is 'no ready test for determining reasonableness other than by balancing the need to search [or seize] against the invasion which the search [or seizure] entails.'" And in my view the need to seize the weapon in the case at bar outweighs the "invasion," despite the lower risk of Mr. Terrell's breaking away, if for no other reason than that Terrell was not the only suspect on the scene. Several other individuals had been observed carrying items out of the house, and one of them could presumably have made a dash for the gun in the passenger compartment of Terrell's car even if Terrell himself was unlikely to do so while confined in the police cruiser.

This case thus bears some resemblance to *United States v. Carthorn,* 1994 WL 487336 (6th Cir. Sept.8, 1984) (unpublished), where the defendant was standing with his palms down on the hood of a police cruiser when one of four police officers at the site ordered a passenger out of the defendant's car and began searching the vehicle. In upholding the denial of a motion to suppress contraband found during the search, this court held that "Officer Alexander's subjective belief that the four police officers had the situation under control did not render his *Terry* search of the passenger compartment of the automobile for weapons invalid." *Id.* at *6. The logic of this statement suggests that a belief by the officers in the present case that they had the situation under control while Mr. Terrell was in the police cruiser would not have rendered the search and seizure invalid even if Terrell had been carrying things out of the house alone. Because he was not alone, it follows *a fortiori* that the search and seizure were valid.

CLAY, Circuit Judge, concurring.

Although the officers properly executed a *Terry* stop of Defendant, the search of Defendant's vehicle was reasonable under *Michigan v. Long,* 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983) because it occurred pursuant to Officer Kirby having observed the gun in Defendant's car in plain view. Because the *Terry* stop of Defendant was proper under the circumstances, and the gun was observed in plain view during the stop, the search of the vehicle's interior was therefore proper, and it is probably not necessary for this Court to resolve the issue of whether the officers were entitled to conduct a search of the vehicle incident to the *Terry* stop of the Defendant himself. In the instant case, the search of Defendant's vehicle and the seizure of the gun and drugs therein was reasonable once the gun in Defendant's car was seen in plain view. It is noteworthy that *Long* provides that a *Terry* search is not dependent on whether a defendant legally or illegally possessed a weapon. *Long,* 463 U.S. at 1052 n. 16, 103 S.Ct. 3469. The officers at the scene had a reasonable justification to stop and question the Defendant under *Terry* based upon their observations of suspicious behavior by Defendant and other individuals in the

immediate vicinity; when Officer Kirby observed the gun in plain view in Defendant's vehicle, the officers developed a reasonable articulable suspicion to justify a *Terry* search of Defendant's vehicle pursuant to *Long*.

The seizure of the gun in plain view in Defendant's vehicle was reasonable under *Horton v. California*, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990) and *Minnesota v. Dickerson*, 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993). *Horton* provides a three-part test to determine whether a warrantless seizure of an object in plain view is reasonable. First, an arresting officer must not have violated the "Fourth Amendment in arriving at the place from which the evidence could be plainly viewed." *Id.* at 136, 110 S.Ct. 2301. Second, the incriminating character of the evidence must be "immediately apparent." *Id.* Third, not only must an arresting officer satisfy the first prong, the officer "must have a lawful right of access to the object itself." *Id.* at 137, 110 S.Ct. 2301.

Defendant concedes the first prong, but argues that the incriminating character of the gun was not "immediately apparent" under the second prong. The government argues that the second prong was satisfied because the incriminating character of the weapon plainly seen in Defendant's vehicle need only cause "a man of reasonable caution" to believe the weapon was contraband, stolen, or used in a crime. (Government's Br. at 12). The Supreme Court has equated *Horton*'s "immediately apparent" requirement with probable cause. *See Texas v. Brown*, 460 U.S. 730, 741, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1971). The government correctly argues that Officer Kirby's view of the gun in Defendant's vehicle in plain view gave the officers probable cause to seize the gun under *Horton*'s second prong. As to the third *Horton* prong, it is indisputable that the officers had a lawful right of access to the

gun because Defendant's vehicle was parked in a public place at the time the gun was observed in plain view while the officers were in the process of carrying out their *Terry* stop. Although Defendant correctly observes that *Dickerson* requires an officer have probable cause before the officer can seize an object in plain view, *Dickerson* does not preclude an officer from seizing an item in plain view while executing a *Terry* search when that item appears to constitute evidence of a crime or illegal contraband or might reasonably lead to the discovery of evidence of criminal activity. *See Dickerson*, 508 U.S. at 374, 113 S.Ct. 2130 (citing *Long*, 463 U.S. at 1049–50, 103 S.Ct. 3469).

Defendant's motion to suppress should be denied because the search of Defendant's vehicle was reasonable under *Long* and the seizure of the gun and drugs in Defendant's vehicle was reasonable under *Horton*.